FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2021

SEAN F. McAVOY, CLERK

1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Richard R. Barker
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

7              UNITED STATES DISTRICT COURT
8          FOR THE EASTERN DISTRICT OF WASHINGTON

9   UNITED STATES OF AMERICA,          Case No. 2:21-CR-122-SMJ
10
11              Plaintiff,             Plea Agreement
12
           v.
13
14  JUSTIN DEAN FRIEDLANDER,
15              Defendant.
16

17       Plaintiff United States of America, by and through Vanessa R. Waldref,

18  United States Attorney for the Eastern District of Washington, and Richard R.

19  Barker, Assistant United States Attorney for the Eastern District of Washington,

20  and Defendant JUSTIN DEAN FRIEDLANDER ("Defendant"), both individually

21  and by and through Defendant's counsel, Lorinda Youngcourt and Kathryn

22  Lucido, agree to the following Plea Agreement:

23       1) <u>Guilty Plea and Maximum Statutory Penalties</u>:

24       Defendant agrees to plead guilty to Count 2 of the Indictment dated

25  September 8, 2021, charging Defendant with Assault Resulting in Serious Bodily

26  Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1153. Defendant

27  understands that this is a Class C Felony, carrying a maximum penalty of not more
28

Plea Agreement: United States v. Justin Dean Friedlander - 1

than a 10-year term of imprisonment; a fine not to exceed $250,000; not more than a 3-year term of supervised release; restitution; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3)    Waiver of Constitutional Rights:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a)    The right to a jury trial;

b)    The right to see, hear and question the witnesses;

c)    The right to remain silent at trial;

d)    The right to testify at trial; and

e)    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4)    Elements of the Offense

The United States and Defendant stipulate and agree that in order to convict Defendant of Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6), 1153, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about July 4, 2021, in the Eastern District of Washington, Defendant assaulted L.H. by knowingly shooting him in the leg with a firearm:

*Second*, as a result, L.H. suffered serious bodily injury;

*Third*, the assault took place within the external boundaries of the Confederated Tribes of the Colville Reservation;

*Forth*, Defendant is an Indian and an enrolled member of the Confederated Tribes of the Colville Reservation; and

Plea Agreement: United States v. Justin Dean Friedlander - 3

*Fifth*, the Confederated Tribes of the Colville Reservation is a federally recognized tribe.

5) <u>Factual Basis and Statement of Facts:</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the guideline computation or sentencing:

On the evening of July 4, 2021, Defendant knowingly assaulted victim L.H. by shooting him in the leg. That evening, L.H. was with his brother and a friend, at 400 Edmonds Street, in Omak, Washington, which is within the external boundaries of the Colville Reservation. Defendant, who is an enrolled member of the Colville Tribe, pulled up in a silver Dodge Durango and flashed a .22 caliber long rifle at L.H. The gun had a wooden stock. Defendant and L.H. got into a verbal disagreement, and Defendant drove away.

Moments later, L.H. again saw Defendant, who had driven to an apartment complex across the street. Defendant was parked in front of the complex. Moments later, L.H. heard a single gunshot from the direction where Defendant was parked. A bullet struck the back of L.H.'s left leg. Immediately after the shooting, Defendant quickly drove the Durango away from the shooting scene.

After the shooting, Defendant drove to the 12 Tribes Casino. There, he met up with a friend to whom Defendant confessed that he shot L.H. in the leg. Surveillance video from the casino, shows Defendant move a long object, which appears to be consistent with the firearm from the Durango to the friend's car. In a subsequent search of Friedlander's vehicle, police recovered what appeared to be

Plea Agreement: United States v. Justin Dean Friedlander - 4

.22 caliber rounds of ammunition and a shell casing.  The firearm was not recovered.

After the shooting, L.H.'s brother drove L.H. to the hospital in Omak.  From Omak, L.H. was life-flighted to Sacred Heart Hospital in Spokane, Washington, where L.H. was treated for a gunshot wound to his left leg.  Medical personnel confirmed that a bullet was lodged in L.H.'s leg and couldn't be removed without risking further injury. Surgery was required to treat the gunshot wound.  L.H. confirmed to law enforcement he was 100% certain that Defendant was the person who shot him in the left leg.

6) <u>The United States Agrees</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Plea Agreement any time before or after sentencing.  At the time of sentencing, the United States Attorney's Office for the Eastern District of Washington further agrees to dismiss the remaining counts of the Indictment dated September 8, 2021.  Specifically, at the time of sentencing, the United States agrees to dismiss Count 1 (Assault with a Dangerous Weapon in Indian Country) and Count 3 (Felon in Possession of Ammunition).

7) <u>United States Sentencing Guideline Calculations</u>:

Defendant understands and acknowledges the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

   a.   *Base Offense Level*

Plea Agreement: United States v. Justin Dean Friedlander - 5

The United States and Defendant agree that the base offense level for assault resulting in serious bodily injury is 14.  *See* U.S.S.G. § 2A2.2(a).

b. *Specific Offense Characteristics:*

The parties agree that a firearm was discharged resulting in a five-level upward adjustment pursuant to U.S.S.G. § 2A2.2(b)(2)(A).  The parties also agree that L.H. suffered serious bodily injury resulting in another five-level upward adjustment pursuant to U.S.S.G. § 2A2.2(b)(3)(B).

c. *Acceptance of Responsibility:*

If Defendant pleads guilty and demonstrates recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty prior to the first scheduled pretrial conference after December 9, 2021, the United States will recommend that Defendant receive a three (3) level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

d. *Criminal History*

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report.  The United States and Defendant have made no agreement

and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

8) <u>Departures</u>

Defendant is free to seek downward departures or variances from the applicable sentencing guideline range determined by the Court. The United States is free to argue against any downward variances or departures. The United States agrees not to move for any upward departures or variances from the applicable sentencing guideline range as determined by the United States. The United States and Defendant are free to argue for or against any additional guideline adjustments that are not specifically addressed in this plea agreement but are found to apply in the Presentence Investigation Report.

9) <u>Incarceration</u>:

The United States agrees to recommend that the Court impose a sentence of no greater than 60 months. Defendant is free to recommend any legal sentence.

10) <u>Criminal Fine</u>:

The parties agree to recommend the Court impose no criminal fine.

11) <u>Supervised Release</u>

The United States and Defendant agree to recommend that the Court impose a three-year term of supervised release to include any special conditions as determined by U.S. Probation.

12) <u>Restitution</u>:

The parties agree restitution is required. *See* 18 U.S.C. §§ 3663A, and 3664. Further, pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay the agreed upon restitution amount for all losses to all victims caused by Defendant's individual conduct in exchange for the United States not bringing

Plea Agreement: United States v. Justin Dean Friedlander - 7

additional potential charges, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this Plea Agreement.

      a.   Restitution Amount and Interest

The parties hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing. The interest on this restitution amount, if any, should be waived.

      b.   Payments

The parties agree the Court will set a payment schedule based on his financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees, however, to pay not less than $25 per month or 10% of his net monthly income, whichever is greater, towards his restitution obligation.

      c.   Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

      d.   Notifications

Plea Agreement: United States v. Justin Dean Friedlander - 8

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. §3612(b)(F). This obligation ceases when the restitution is paid-in-full.

13)    Forfeiture

Defendant agrees to voluntarily forfeit any and all right, title, and interest he has in any and all firearms and ammunition seized by the Federal Bureau of Investigation (FBI) or the Confederated Tribe of the Colville Reservation, in favor of the FBI or the Tribe.  The assets to be forfeited include, but are not limited, to any firearm or ammunition involved or used in the commission of the offense.

Defendant agrees not to contest the forfeiture of assets seized, in any administrative forfeiture proceedings initiated by the FBI or the Tribe, and hereby agrees to execute any and all forms, documents, and pleadings, if necessary, to effectuate the administrative forfeiture of any assets in FBI or Tribal custody. Defendant consents to the forfeiture, destruction, and/or return of assets to lawful owners, without further notice.

Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, forfeiture, destruction or return to lawful owner, of any asset(s) covered by this agreement.

14)    Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 in mandatory special penalty assessments to the Clerk of Court for the Eastern District of Washington pursuant to 18 U.S.C. § 3013.

15)    Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16)    Additional Violations of Law Can Void Plea Agreement:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

17)    Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, so long as the Court imposes a sentence of incarceration that is 60 months or shorter. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

18)    Integration Clause:

Plea Agreement: United States v. Justin Dean Friedlander - 10

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_Ricl R. Barker_                                    12/10/21

Richard R. Barker                                  Date
Assistant United States Attorney


I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_Justin Friedlander_                               12-9-2021

JUSTIN DEAN FRIEDLANDER                           Date

Plea Agreement: United States v. Justin Dean Friedlander - 11

1  Defendant

2      I have read the Plea Agreement and have discussed the contents of the

3  agreement with my client.  The Plea Agreement accurately and completely sets

4  forth the entirety of the agreement between the parties.  I concur in my client's

5  decision to plead guilty as set forth in the Plea Agreement.  There is no legal

6  reason why the Court should not accept Defendant's plea of guilty.

7

8  _____        _12-9-2021_

9  Lorinda Youngcourt or Katheryn Lucido        Date

10                                          Attorney for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plea Agreement: United States v. Justin Dean Friedlander - 12